**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| PATRICE GRAY<br>*Plaintiff*<br><br>v.<br><br>JUST ONE DIME COACHING, LLC, d/b/a DONE FOR YOU BY JUST ONE DIME, d/b/a VERITUS A SERIES OF EMBUE, LLC, d/b/a VERITUS TEXAS COMMERCIAL ONE, LLC, d/b/a VERITUS TEXAS ONE LLC; BRETT GEORGE; and TRAVIS S. KNIEP<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case Number:<br><br>1:22-CV-1105 |

**PLAINTIFF GRAY'S APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiff, Patrice Gray ("Plaintiff" or "Ms. Gray" herein), by and through her undersigned counsel, files this Application for Injunctive Relief, requesting that the Court grant a temporary restraining order without notice against certain Defendants, and after due proceedings are held, grant a temporary injunction and a permanent injunction.

## I. SUMMARY

1.       On October 28, 2022, Defendant Travis Kniep shut down (or claimed that on that date he would be shutting down) the "Done For You" investment

program. He also claims to have laid off his entire staff, and further claims to be insolvent. Many individuals like Plaintiff Gray who invested borrowed funds and other monies in the program never received what they were told what they would get, and now the central message they are all being given by Defendants is that they *will not receive refunds.* Investors like Ms. Gray are also being told this by a man who has openly bragged about the wealth he personally has acquired from creating the "Done For You" program, how he has used that wealth to invest in real estate, and how he plans to avoid paying taxes on that wealth.

2. On October 26, 2022, Judge Lee Yeakel granted a temporary restraining Order against the same JOD Defendants discussed here on behalf of another Done For You client in cause no. 1:22-CV-01045-LY.[1] **That Order specifically states that its purpose is to prevent the TRO Defendants from trying to "secrete, transfer, move, or otherwise alienate property or funds…"**

3. **When Judge Yeakel issued the above-referenced Order, Mr. Kniep already had several properties on the market. Now he seems to have accelerated the process of liquidating his immovable property. On October 31, 2022, despite Judge Yeakel's above-referenced Order, Defendant Kniep listed his Luxury**

---

[1] *See* the Temporary Restraining Order Without Notice, dated October 26, 2022, in Michael Oakes v. Just One Dime Coaching, LLC et al, Case No. 1:22-cv-01045-LY in the United States District Court, Western District of Texas, Austin Division.

**Corner Unit at the famous Carlyle Hotel – one of Miami's iconic Art Deco landmarks, in the heart of South Miami Beach – for a sale price of $1.5 million.**

## II.   BACKGROUND FACTS

4.       Plaintiff in this matter is Patrice Gray.  Relevant defendants are Just One Dime Coaching, LLC, d/b/a Done for You by Just One Dime, d/b/a Veritus a Series of Embue, LLC, d/b/a Veritus Texas Commercial One, LLC, d/b/a Veritus Texas One, LLC; and Travis S. "Seth" Kniep (collectively "TRO Defendants").[2]

5.       Plaintiff Gray sued Defendants for breach of contract, failure to register securities under The Securities Act of 1933 and the Texas Securities Act, Violations of the Texas Deceptive Trade Practices – Consumer Protection Act (after supplying the requisite notice thereof), and the equitable theory of unjust enrichment. A copy of the Original Complaint is attached hereto as Exhibit 1.

6.       Defendants solicited an investment from Ms. Gray with the promise that they would set up and run a lucrative "Done For You" Amazon storefront for her.[3] The investment Defendants offered constituted the illegal sale of securities. After nearly two years of delays in service by Defendants and their ultimate failure to accomplish anything they contracted to do, Defendants have announced they

---

[2] Note: Defendant George is not included in this Application or its accompanying Order.
[3] *See* Exhibit 2, Affidavit of Plaintiff Patrice Gray.

are ending their contract with Ms. Gray and hundreds of similarly situated investors, and that refunds of their investments will not be forthcoming.[4]

7. Defendants have informed Ms. Gray and other similarly situated investors that JOD has laid off its employees and is essentially insolvent.[5] Defendants have also announced the discontinuation of the "Done for You" program as of October 28, 2022.[6]

8. Additionally, as discussed below, Defendant Kniep has become quite wealthy by taking the money of folks like Ms. Gray *and* by hiding his income/assets, which he has been quite forthcoming about doing, even going so far as to state publicly *how* he is doing it.[7]

9. This case is factually similar to a Complaint already filed in this Court, *Oakes v. Just One Dime Coaching, LLC, et al*, case no. 1:22-CV-01045-LY. Further, on October 26, 2022, Judge Yeakel granted that Plaintiff's application for a no notice temporary restraining order against certain Defendants and set the matter for a temporary injunction hearing in his courtroom at 9:30 a.m. on November 9, 2022.

---

[4] *See* Exhibit 2b, October 14, 2022 e-mail from Travis "Seth" Kniep which includes a link to video recording of October 13, 2022 investors' meeting during which Travis S. Kniep announced to JOD investors that the "Done for You" program is ending.
[5] *Id*.
[6] *Id*.
[7] *See* Exhibit 4b, JOD video "Amazon Automation – FBA business run for you!" dated July 31, 2020, at 37:20 – 38:35, at https://www.youtube.com/watch?v=5aIIFqCW2ec.

10.     Affidavits supporting the allegations in this application for injunctive relief are attached and incorporated by reference.[8]

### III. REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

11.     Plaintiff Gray requests that the Court enter a temporary restraining order without notice to TRO Defendants because Ms. Gray will likely suffer imminent and irreparable harm if TRO Defendants are not immediately enjoined from secreting, moving, or otherwise alienating substantial funds and assets or incurring new debt, as TRO Defendants already have numerous potential creditors, and they would not pay a monetary judgment awarded by the Court in this lawsuit if allowed to hide or alienate their assets.  Plaintiff avers there is no less drastic way to protect her interests.

12.     There is no adequate remedy at law unless a temporary restraining order issues because Plaintiff Gray would be unable to collect on a monetary judgment should TRO Defendants have an opportunity to hide their assets. TRO Defendants' improper behavior (as outlined in the attached Original Complaint) has placed Ms. Gray in financial distress, and it is essential that she be given the

---

[8] *See* Exhibit 2, Affidavit of Patrice Gray; Exhibit 3, Affidavit of Attorney Udall; and Exhibit 4, Affidavit of John Lorio.

opportunity to collect the funds TRO Defendants wrongfully caused her to lose. An uncollectible judgment is just a meaningless piece of paper.

13. Defendant Kniep has publicly spoken about the tax benefits of operating shell companies.[9] He has also recently discussed publicly the fact that he and/or his wife and children own numerous investment properties in Austin, Texas; Breckenridge, Colorado; Miami, Florida; Gatlinburg, Tennessee; Guatemala; and Mexico.[10] It is clear that Defendant Kniep – and by extension the Defendant companies – have the ability and the will to hide the income they have accrued from JOD investors in such private investments, and Defendants could possibly transfer JOD funds to third parties to protect themselves from lawsuits.

14. Defendant Kniep's adult son, Josiah, is listed with the Texas Secretary of State as the CEO of Just One Dime.[11] Mr. Kniep's children, along with his wife, Kimberly, own multiple properties. Mr. Kniep's 18-year-old daughter, Atalie, is employed by JOD.[12]

---

[9] *See* Exhibit 5, JOD video "Amazon Automation FBA business run for you!" dated July 31, 2020, at 37:20 – 38:35.
[10] *See* Exhibit 6, JOD video "Tax-Free Wealth w/ Tom Wheelwright CPA (WealthAbility)," dated July 26, 2021, at 33:00-33:45.
[11] *See* Exhibit 4, Affidavit of John Lorio.
[12] *Id.*

15. Property records show that numerous properties are registered to Josiah Kniep and to business entities owned by Travis Kniep.[13] It is highly likely that some JOD funds have been used to purchase some of these properties.

16. **As discussed above, on October 31, 2022, Defendant Kniep actually put a Luxury Corner Unit at the famous Carlyle Hotel in South Miami Beach on the market for sale for $1.5 million, which violates of Judge Yeakel's October 26, 2022 temporary restraining order.[14]**

17. There is a substantial likelihood that Plaintiff Gray will prevail on the merits because TRO Defendants' actions as described in the Original Complaint clearly exhibit breach of their contract with Plaintiff Gray as well as fraud and violations of securities law.

18. The potential harm to Plaintiff Gray outweighs the harm that a temporary restraining order would inflict on TRO Defendants.

19. Issuance of a temporary restraining order would not adversely affect the public interest and public policy. On the contrary, it would protect the rights

---

[13] *Id.*
[14] *Id.*

of Ms. Gray and other members of the public who have been and may potentially be defrauded by the TRO Defendants and others like them.

20. Ms. Gray is willing to post a bond in the amount the Court deems appropriate, but requests that the amount be nominal (Plaintiff Gray suggests $100), considering that the improper and irresponsible behavior of Defendants as described in this Complaint has placed both Ms. Gray and the Haitian orphanage she runs in financial straits.

21. Considering the professed financial state of JOD, and for the other reasons outlined above, Plaintiff asks the Court to issue a temporary restraining order without notice, ordering TRO Defendants to refrain from alienating or hiding personal or company assets and from incurring substantial new debt until further orders of the Court.

## IV. REQUEST FOR TEMPORARY INJUNCTION

22. Plaintiff Gray incorporates the preceding paragraphs as if repeated fully herein.

23. Plaintiff Gray asks that the Court set her application for temporary injunction for hearing at the earliest possible time and, after the hearing, issue a temporary injunction against TRO Defendants.

24. Plaintiff asks the Court to set its request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against TRO Defendants.

## V. CONCLUSION

25. The relief sought by Plaintiff Gray has the function of temporarily maintaining the status quo by prohibiting TRO Defendants from alienating or hiding assets so as to render any money judgment issued by this Court uncollectible.

26. Based on the foregoing, Plaintiff Gray asks that the Court order the following:

- That TRO Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of any of their books and records or any documents or online postings relating to the matters set forth in the Plaintiff's Original Complaint.

- That TRO Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them are restrained from making any payment or expenditure of funds

(including charges on any credit card or draws on any other credit arrangement) that are not in the ordinary and necessary course of business pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint.

- That any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the TRO Defendant make no transactions in securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honoring of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for the TRO Defendants, pending further order of this Court.

- That TRO Defendants refrain from making any purchases or sales of immovable property until further order of this Court.

Respectfully submitted on this 1st day of November, 2022.

_Rain Minns Udall_
Rain Levy Minns Udall
State Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd., Suite 500
Austin, Texas 78759-8583
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

ATTORNEY IN CHARGE FOR
PLAINTIFF PATRICE GRAY